UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TANIKA TRIBLETT,
MICHAEL GAINER,
TYLER MORGAN,
EDWARD CARNEY, JR.,
SHILONDA LEAVY, and
JAMEKE HAYES,

    Plaintiffs,

v.                                     Case No. 23-CV-

HARDEEP ARORA and
BABA NANAK HOSPITALITY GROUP CORP.,

    Defendants.

## COMPLAINT

## PRELIMINARY STATEMENT

1.    Tanika Triblett, Michael Gainer, Tyler Morgan, Edward Carney, Jr., Shilonda Leavy, and Jameke Hayes (collectively, "Plaintiffs") join together in this action to assert claims under the Fair Labor Standards Act ("FLSA") and Wisconsin law against Hardeep Arora and Baba Nanak Hospitality Group Corp. (collectively, "Defendants") for unpaid minimum wages and overtime wages. At times during the three years preceding the filing of this action, Plaintiffs worked at a Clarion hotel owned and operated by Baba Nanak Hospitality Group Corp. During their employment, Baba Nanak Hospitality Group Corp. had practices of failing to pay employees the minimum wage of $7.25 per hour and failing to pay employees one

and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. As a result of these practices, Defendants failed to pay Plaintiffs the applicable rate for all hours worked in violation of the FLSA and Wisconsin law.

## PARTIES

2. Tanika Triblett is an adult resident of Wisconsin.

3. Michael Gainer is an adult resident of Wisconsin.

4. Tyler Morgan is an adult resident of Wisconsin.

5. Edward Carney, Jr., is an adult resident of Wisconsin.

6. Shilonda Leavy is an adult resident of Wisconsin.

7. Jameke Hayes is an adult resident of Wisconsin.

8. On information and belief, Hardeep Arora is the president and owner of Baba Nanak Hospitality Group Corp.

9. Baba Nanak Hospitality Group Corp. is a corporation organized under the laws of Wisconsin. Its agent for service of process is Hardeep Arora at 8176 Basil Court, Neenah, Wisconsin 54956.

## JURISDICTION AND VENUE

10. The Court has original jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiffs' Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form a part of the same case or controversy.

12. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

13. At times during the three years preceding the filing of this action, Baba Nanak Hospitality Group Corp. owned and operated a Clarion hotel in Milwaukee, Wisconsin.

14. On information and belief, Baba Nanak Hospitality Group Corp.'s annual gross volume of business exceeds $500,000 and has done so for the three years preceding the filing of this action.

15. At all times relevant to this matter, Hardeep Arora exerted control over Baba Nanak Hospitality Group Corp.'s human resources and payroll practices at its Clarion hotel in Wisconsin, Wisconsin.

16. At all times relevant to this matter, Hardeep Arora controlled when Plaintiffs were paid by Baba Nanak Hospitality Group Corp.

17. At all times relevant to this matter, Hardeep Arora controlled how much Plaintiffs were paid by Baba Nanak Hospitality Group Corp.

18. At all times relevant to this matter, Hardeep Arora would compensate Plaintiffs, if at all, by personally writing checks for Plaintiffs.

19. At all times relevant to this matter, Baba Nanak Hospitality Group Corp. had a practice of failing to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

20. At times relevant to this matter, Baba Nanak Hospitality Group Corp. had a practice of failing to pay employees the minimum wage of $7.25 per hour.

21. Plaintiffs were subject to these practices.

22. From June 1, 2021, through July 31, 2021, Baba Nanak Hospitality Group Corp. employed Tyler Morgan as a front desk worker at its Clarion hotel in Milwaukee, Wisconsin.

23. As a front desk worker, Tyler Morgan engaged in commerce.

24. During this period, Tyler Morgan worked on average 12 hours per day, seven days per week.

25. During this period, Baba Nanak Hospitality Group Corp. paid Tyler Morgan $11.00 per hour for all hours worked, without any overtime premium compensation.

26. During this period, Tyler Morgan resided at the Clarion hotel.

27. During this period, Baba Nanak Hospitality Group Corp. deducted $250.00 per week from Tyler Morgan's paychecks for lodging.

28. From January 1, 2022, through February 28, 2023, Baba Nanak Hospitality Group Corp. employed Tyler Morgan as a manager at its Clarion hotel in Milwaukee, Wisconsin.

29. As a manager, Tyler Morgan engaged in commerce.

30. During this period, Tyler Morgan worked on average 12 hours per day, seven days per week.

31. In 2022, Baba Nanak Hospitality Group Corp. paid Tyler Morgan $12.00 per hour for all hours worked, without any overtime premium compensation.

32. In 2023, Baba Nanak Hospitality Group Corp. paid Tyler Morgan $11.00 per hour for all hours worked, without any overtime premium compensation.

33. In 2022 and 2023, Tyler Morgan resided at the Clarion hotel.

34. In 2022 and 2023, Baba Nanak Hospitality Group Corp. deducted $350.00 per week from Tyler Morgan's paychecks for lodging.

35. From October 1, 2022, to January 28, 2023, Baba Nanak Hospitality Group Corp. employed Edward Carney, Jr., as a front desk worker at its Clarion hotel in Milwaukee, Wisconsin.

36. As a front desk worker, Edward Carney, Jr., engaged in commerce.

37. Edward Carney, Jr., worked on average 12 hours per day, seven days per week.

38. Baba Nanak Hospitality Group Corp. paid Edward Carney, Jr., $11.00 per hour for all hours worked, without any overtime premium compensation.

39. From August 5, 2022, to December 23, 2022, Baba Nanak Hospitality Group Corp. employed Shilonda Leavy as a housekeeper at its Clarion hotel in Milwaukee, Wisconsin.

40. As a housekeeper, Shilonda Leavy, engaged in commerce.

41. Shilonda Leavy worked on average 11 hours per day, seven days per week.

42. Baba Nanak Hospitality Group Corp. paid Shilonda Leavy $11.00 per hour for all hours worked, without any overtime premium compensation.

43. From September 30, 2022, to December 2, 2023, Baba Nanak Hospitality Group Corp. employed Jameke Hayes as a front desk worker at its Clarion hotel in Milwaukee, Wisconsin.

44. As a front desk worker, Jameke Hayes engaged in commerce.

45. Jameke Hayes worked on average 9 hours per day, five days per week.

46. Baba Nanak Hospitality Group Corp. paid Jameke Hayes $11.00 per hour for all hours worked, without any overtime premium compensation.

47. From June 2022, through July 10, 2022, and from August 6, 2022, to August 16, 2022, Baba Nanak Hospitality Group Corp. employed Tanika Triblett as a housekeeper, security, and maintenance worker at its Clarion hotel in Milwaukee, Wisconsin.

48. As a housekeeper, security, and maintenance worker, Tanika Triblett engaged in commerce.

49. During these periods, Tanika Triblett worked 280 regular hours.

50. During these periods, Tanika Triblett worked 161 overtime hours.

51. Baba Nanak Hospitality Group Corp. did not pay Tanika Triblett any wages.

52. From June 2022, through July 10, 2022, Baba Nanak Hospitality Group Corp. employed Michael Gainer as a housekeeper, security, and maintenance worker at its Clarion hotel in Milwaukee, Wisconsin.

53. As a housekeeper, security, and maintenance worker, Michael Gainer engaged in commerce.

54. During this period, Michael Gainer worked 200 regular hours.

55. During this period, Michael Gainer worked 150 overtime hours.

56. Baba Nanak Hospitality Group Corp. did not pay Michael Gainer any wages.

57. As a result of Baba Nanak Hospitality Group Corp.'s actions alleged herein, Plaintiffs have suffered harm in the loss of minimum wages and overtime wages.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

58. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

59. Baba Nanak Hospitality Group Corp. was an employer within the meaning of 29 U.S.C. § 203(d).

60. Baba Nanak Hospitality Group Corp. was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

61. Hardeep Arora was an employer within the meaning of 29 U.S.C. § 203(d).

62. Plaintiffs were employees of Baba Nanak Hospitality Group Corp. within the meaning of 29 U.S.C. § 203(e).

63. Plaintiffs were employees of employees of Hardeep Arora within the meaning of 29 U.S.C. § 203(e).

64. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

65. Plaintiffs were not exempt from the minimum pay requirements of the FLSA.

66. At times during the three years preceding the filing of this action, Defendants did not compensate Plaintiffs at a rate of not less than $7.25 per hour.

67. The foregoing practice violates the FLSA.

68. Defendants knew that, or showed reckless disregard for whether, their conduct violated the FLSA.

69. Because of these violations, Plaintiffs have suffered wage loss.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

70. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

71. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

72. Plaintiffs were not exempt from the overtime pay requirements of the FLSA.

73. At times during the three years preceding the filing of this action Plaintiffs performed work in excess of 40 hours in at least one workweek.

74. At times during the three years preceding the filing of this action, Defendants did not compensate Plaintiffs at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

75. The foregoing practice violates the FLSA.

76. Defendants knew that, or showed reckless disregard for whether, their conduct violated the FLSA.

77. Because of these violations, Plaintiffs have suffered wage loss.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

78. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

79. Baba Nanak Hospitality Group Corp. was an employer within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2) and Wis. Admin. Code § 272.01(5).

80. Hardeep Arora was an employer within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

81. Plaintiffs were employees of Baba Nanak Hospitality Group Corp. within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r) and Wis. Admin. Code § DWD 272.03(1)(a).

82. Plaintiffs were employees of Hardeep Arora within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r) and Wis. Admin. Code § DWD 272.03(1)(a).

83. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

84. Plaintiffs were not exempt from the minimum pay requirements of Wisconsin law.

85. At times during the two years preceding the filing of this action, Defendants did not compensate Plaintiffs at a rate of not less than $7.25 per hour.

86. The foregoing practice violates Wisconsin law.

87. Defendants' violations of Wisconsin law were for dilatory or unjust reasons.

88. Because of these violations, Plaintiffs have suffered wage loss.

### FOURTH CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

89. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

90. Baba Nanak Hospitality Group Corp. was an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2) and Wis. Admin. Code § DWD 274.03.

91. Hardeep Arora was an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2) and Wis. Admin. Code § DWD 274.03.

92. Plaintiffs were employees of Baba Nanak Hospitality Group Corp. within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.03.

93. Plaintiffs were employees of Hardeep Arora within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.03.

94. Wisconsin law requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

95. Plaintiffs were not exempt from the overtime pay requirements of Wisconsin law.

96. At times during the two years preceding the filing of this action, Plaintiffs performed work in excess of 40 hours in at least one workweek.

97. At times during the two years preceding the filing of this action, Defendants did not pay Plaintiffs one-and-one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

98. The foregoing practice violates Wisconsin law.

99. Defendants' violations of Wisconsin law were for dilatory or unjust reasons.

100. Because of these violations, Plaintiffs have suffered wage loss.

**REQUEST FOR RELIEF**

Tanika Triblett, Michael Gainer, Tyler Morgan, Edward Carney, Jr., Shilonda Leavy, and Jameke Hayes request the following relief:

A. Judgment against Baba Nanak Hospitality Group Corp. and Hardeep Arora in an amount equal to Plaintiffs' unpaid minimum wages and overtime wages under the FLSA and Wisconsin law;

B. Judgment against Baba Nanak Hospitality Group Corp. and Hardeep Arora in an amount equal to Plaintiffs' unpaid minimum wages and overtime wages as liquidated damages under the FLSA;

C. Judgment against Baba Nanak Hospitality Group Corp. and Hardeep Arora in an amount equal to 50 percent of Plaintiffs' unpaid minimum wages and overtime wages as civil penalties under the Wisconsin law;

D. An order declaring that Baba Nanak Hospitality Group Corp. and Hardeep Arora violated the FLSA and Wisconsin law;

E. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin law; and

F. Any further relief that the Court deems just and equitable.

*s/ Larry A. Johnson*
Larry A. Johnson Bar Number 1056619
Connor J. Clegg Bar Number 1118534
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
cclegg@hq-law.com